IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICK WEST, | : |
| | : |
|     Plaintiff, | : |
| v. | : |
| | :     **No. 5:13-cv-338 (CAR)** |
| SHERIFF CULLEN TALTON, | : |
| individually and in his official capacity | : |
| as Sheriff of Houston County, and | : |
| CHARLES HOLT, individually and in | : |
| his official capacity as Major in the | : |
| Houston County Sheriff's Department, | : |
| | : |
|     Defendants. | : |
| _____ | : |

## ORDER ON DEFENDANTS'  MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING PLAINTIFF'S SPOLIATION CLAIM

Before the Court is Defendants Cullen Talton and Charles Holt's Motion *in Limine* seeking, in part, to exclude Plaintiff's use of any argument or evidence of alleged spoliation.[1]  Plaintiff filed a response to the Motion [Doc. 61], and the Court held a hearing on October 29, 2015.  After considering the evidence presented at the hearing and applicable law, Defendants' Motion *in Limine* to exclude all evidence and argument regarding spoliation [Doc. 59] is **GRANTED**.  The Court **RESERVES** its ruling on the remaining issues in Defendants' Motion *in Limine*.

---

[1] Defendants also seek to exclude evidence of Defendant Holt's criminal record and exhibits regarding Plaintiff's "me too" witnesses. [Docs. 59 and 64-1].

## BACKGROUND

On June 10, 2014, during a deposition of Houston County representatives, Plaintiff discovered that Defendants failed to search and preserve e-mail accounts as requested during discovery.[2]  Based on this information, the Court granted Plaintiff's motion to reopen discovery in September of 2014.  During the additional discovery period, Plaintiff discovered backup tapes of Houston County's server were written over, and Defendant Holt's email account was deleted shortly after his resignation. Specifically, Houston County's server was automatically backed up every six months, which erased any backup of Holt's email account after the email account was removed from the system.[3]  Defendants were still able to retrieve Holt's old computer and hire a third-party company to preserve and search the hard drive.

Once the hard drive was recovered, both parties were able to search Defendant Holt's email.  Both parties agreed to a data search that included over fifty search terms, produced over 77,000 documents, and recorded over 1,000 "hits" based on the search terms.[4]  From this search, Plaintiff received over 1,000 documents and recovered several emails from Holt's computer that he is introducing into evidence to support his claims.[5]

## DISCUSSION

---

[2] Pl.'s Response to Def.'s Motion *in Limine*, [Doc. 61], at 4-6.
[3] There was only a six month window of time to preserve the backup tapes that would have included Defendant Holt's email account.
[4] Def.'s Exhibits 11 and 12 [Docs. 68-2 and 68-3].
[5] Pl.'s Response to Def.'s Motion *in Limine*, [Doc. 61], at 6.

Plaintiff seeks a spoliation instruction to the jury regarding the deletion of emails, or in the alternative, an opportunity to present evidence of Defendants' failure to preserve emails to the jury.   Plaintiff claims he would have discovered more emails to support his claim had Defendants preserved the backup tapes and Holt's email account.   Defendants argue that this evidence should be excluded because the emails were not deleted in bad faith, and Defendants still retrieved Holt's hard drive, which included the evidence Plaintiff requested.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."[6]   Federal Courts have broad discretion to impose sanctions against litigants for spoliation of evidence.[7]   The Eleventh Circuit has recommended a finding of bad faith, as opposed to "mere negligence," to support imposing sanctions.[8]   Additionally, the Court considers the following factors: "(1) whether the [party seeking sanctions] was prejudiced as a result of the destruction of evidence; (2) whether the prejudice could be cured; (3) the practical importance of the evidence; (4) whether the [spoliator] acted in good or bad faith; and (5) the potential for abuse if expert testimony about the evidence was not excluded."[9]

---

[6] *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009).
[7] *See, e.g., Stanfill v. Talton*, 851 F.Supp.2d 1346, 1361-62 (M.D. Ga. 2012).
[8] *See Bashir v. Amtrack*, 119 F. 929, 931 (11th Cir. 1997).
[9] *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005). The fifth factor is not an issue in this case.

Based on the evidence presented during the hearing, it is not clear that Defendants' failure to preserve Holt's email account and the server's backup tapes was a malicious act or done in bad faith.  On the contrary, it appears Holt's email was deleted pursuant to a routine procedure to delete an employee's email account shortly after the employee left the Sheriff's Department and to rewrite over the backup tapes of the server every six months.  Plaintiff contends this procedure was more than just "mere negligence" because Defendants were on notice after receiving an EEOC complaint.  However, even assuming Plaintiff's contention is true, it is completely speculative Plaintiff was prejudiced by these events in any way.  Defendants hired an outside company to restore Holt's hard drive and recovered over 70,000 documents from the hard drive.  The search terms used were broad and extensive and produced 1,205 hits.  Indeed, Plaintiff received more information based on these search terms than what was originally requested during discovery.  Further, the third-party company stated there was no evidence on the hard drive of any "mass destruction" or "wiping."

Plaintiff points to *Woodward v. Wal-Mart Stores East, LP* as an analogous case.[10] However, in *Woodward* the video tape was never found, depriving the plaintiff of any opportunity to view the evidence.[11]  Because the *Woodward* plaintiff did not have other evidence to prove how the event occurred, except for the recollections of two

---

[10] 801 F.Supp.2d 1363 (M.D. Ga. 2011).
[11] *Id.* at 1374-75.

4

employees, a spoliation sanction was appropriate.[12] This case, however, is distinguishable from *Woodward.* Here, Defendants still possessed Holt's hard drive and hired a third-party company to search his email using extensive and broad search terms. Further, Defendants provided Plaintiff with a voluminous amount of documents, including emails to support Plaintiff's claim.  Plaintiff has failed to show he was prejudiced by the events in this case; thus, the Court finds sanctions for spoliation of evidence inappropriate.

Moreover, this presents a problem under Federal Rule of Evidence 403.[13]  The Court finds the danger of confusing the issues and misleading the jury outweighs the probative value of such evidence.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to exclude evidence or argument regarding spoliation [Doc. 59], and **RESERVES** its ruling on the remaining issues in Defendants' Motion.

**SO ORDERED**, this 2nd day of November, 2015.


S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT COURT JUDGE

---

[12] *Id*.
[13] FRE 403.